IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JORGE ALEJANDRO ROJAS,<br>*Plaintiff,*<br>vs.<br><br>ELEGANT SOLAR, INC, ELLIOTT MARKO, and NICOLE MARKO,<br><br>*Defendants.* | Case No. 1:23-cv-00790<br><br>Judge Manish S. Shah<br>Magistrate Judge Sheila M. Finnegan<br><br>**JURY TRIAL DEMANDED** |

**FIRST AMENDED COMPLAINT**

Plaintiff, Jorge Alejandro Rojas, files this Amended Complaint[1] under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, its implementing regulations, and the Illinois Automatic Telephone Dialers Act, against Defendants Elegant Solar, Inc ("Elegant Solar"), Elliott Marko ("Mr. Marko"), and Nicole Marko ("Mrs. Marko"), (collectively "Defendants"), and alleges based on personal knowledge and information and belief:

**INTRODUCTION**

1. As the Supreme Court has explained, Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019. The States likewise field a constant barrage of complaints. For nearly 30 years, representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the "TCPA", generally prohibits robocalls to cell phones and home phones. *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. Plaintiff brings this action against Defendants for violations of the TCPA, 47 U.S.C. § 227.

---

[1] This Amended Complaint is filed pursuant to Fed. R. Civ. P. 15(a)(1)(A).

1

3. This case involves a campaign by Defendants which placed illegal, automated pre-recorded calls to Plaintiff's cell phone, without his prior express consent.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over the claims herein under 28 U.S.C. § 1331.

5. This Court has personal jurisdiction over Defendants. The wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Plaintiff resided within this district when the calls were made. Defendants specifically target their activities to Illinois residents.

6. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

7. Plaintiff Jorge Alejandro Rojas is a natural person residing in Bolingbrook, IL 60440, and is a citizen of the State of Illinois.

8. Defendant Elegant Solar Inc ("Elegant Solar") is an Arizona company, with 10206 E Nichols Ave, Mesa, AZ, 85209, and lists as its principal address with the Arizona Secretary of State and a registered agent of Elliott Marko at the same.

9. Defendant Elliott Marko ("Mr. Marko") is the CEO of Elegant Solar and is located at the same address per the Arizona Secretary of State listing, but is in fact located at 11441 E Rafael Ave, Mesa, AZ 85212.

10. Defendant Nicole Marko ("Mrs. Marko") is the Director of Elegant Solar and is located at the same address per the Arizona Secretary of State listing, but is in fact located at 11441 E Rafael Ave, Mesa, AZ 85212.

11. Defendants are each a person as defined by 47 U.S.C. § 153(39).

12. Defendants acted through their agents, affiliates, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## STATUTORY BACKGROUND

13. The TCPA makes it unlawful to make calls to any cellular or residential line using an artificial or prerecorded voice, or an automatic telephone dialing system, without the call recipient's prior express consent. *See* 47 U.S.C. § 227(b); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012).

14. The TCPA provides a private cause of action to persons who receive such automated or -pre-recorded calls. *See* 47 U.S.C. § 227(b)(3).

15. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

16. A listing on the Registry "must be honored indefinitely, or until the registration is canceled by the consumer or the telephone number is removed by the database administrator." *Id.*

17. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers whose numbers are on the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R § 64.1200(c)(2).

18. The TCPA requires entities and persons engaging in telemarketing meet minimum standards, including training their personnel concerning the rules regarding telemarketing. 47 C.F.R. §§ 64.1200(d)(1)-(d)(3); 47 C.F.R. § 64.1200(b).

19. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. It ordered that:

    [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

    I*n the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

20. The FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See In re Rules & Regulations Implementing the TCPA*, 10 FCC Rcd. 12391, 12397 (1995).

21. Under the TCPA, individual party Defendants are personally liable for the acts and omissions alleged in this Complaint.

22. When considering individual officer liability under the TCPA, other Courts have agreed that a corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *See, e.g., Jackson Five Star Catering, Inc. v. Beason*, 2013 U.S. Dist. LEXIS 159985, *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA "where they 'had direct, personal participation in or personally authorized the conduct found to have violated the statute.'"); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415-16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

23. Under the TCPA, individual party Defendants are personally liable for the acts and omissions alleged in this Complaint.

24. Individual party Defendants in this case directed and oversaw the telemarketing activity in progress, including selecting any third-party affiliate to make the call, exercised control over those affiliates, and any other employees who made the telephone calls.

25. In Illinois, the Automatic Telephone Dialers Act ("ATDA") prohibits "play[ing] a prerecorded message placed by an autodialer without the consent of the called party". 815 ILCS 305/30(b).

26. In Illinois, the ATDA prohibits tampering or interfering with the functions of Caller ID. 815 ILCS 305/15(d).

## **ALLEGATIONS**

27. At all times relevant hereto, Plaintiff maintained and used a residential cellular telephone line, with phone number (424) XXX-1582.

28. Plaintiff's phone number is not associated with a business and is used by Plaintiff solely.

29. Plaintiff is the account holder and customary user of his phone number.

30. Plaintiff registered his phone number on the Federal Do Not Call Registry on or around January 18, 2008.

31. Plaintiff registered his phone number on the Do Not Call Registry to obtain solitude from invasive and harassing telemarketing calls. The call prevented Plaintiff from using his phone for legitimate purposes.

32. Defendants Mr. and Mrs. Marko, as officers of their company, directed, oversaw, and controlled the telemarketing conduct alleged in this complaint. This may have included for example selecting the dialing platforms to be used, overseeing any marketing campaigns which included creating the pre-recorded message, and actually authorizing the dialing.

33. **Call 1.** On or about January 23, 2023, at 4:49 PM Chicago time, Plaintiff received a call from Defendants, from 424-333-9539.

34. Plaintiff's telephone flagged the phone call as "Scam Likely."

35. When Plaintiff picked up the phone, he heard a longer than natural pause, and heard a beep on the phone. He was then informed that the caller was following up about the installation of a smart meter in his home, as part of the Illinois Shines program.

36. The caller set up an appointment for Plaintiff to receive a "sun test" at his home, in Bolingbrook, IL.

37. Plaintiff received an email following the telephone conversation, from a domain of http://elegantsolarinc.com.

38. The email which Plaintiff received the confirmation from included a footer of "Elegant Solar - Schaumburg IL."

39. The website domain identified above was registered on January 6, 2021, according to a WHOIS Domain Registrar, https://www.whois.com/whois/elegantsolarinc.com, which is the same date listed as the formation date for the Elegant Solar corporate entity in the state of Arizona.

40. Despite Call 1 being related to Plaintiff's home in Illinois, the telephone call was spoofed as coming from a 424-area code, which is the same area code as the Plaintiff's cell phone number.

41. **Call 2.** On or about January 23, 2023, at 5:03 PM Chicago time, Plaintiff received a call from Defendants, from 424-261-9626.

42. Plaintiff's telephone flagged the phone call as "Scam Likely."

43. When Plaintiff picked up the phone, he heard a longer than natural pause, followed by a pre-recording which stated that Plaintiff may be overpaying for his energy utility bill, and was told to press 1 to be connected to an individual.

5

44. After pressing 1, Plaintiff was transferred to a "poll taker." Plaintiff heard a beep during this transfer, where he was connected to an "Alex" who stated that Plaintiff could save 50% off his electric bill.

45. Plaintiff believes the calls are related, given their proximity to one another, and selling/advertising similar energy related services.

46. Elegant Solar's about page describes it as "a leading solar energy broker specializing in solar equipment and systems. We distribute a wide variety of solar products to homeowners across the United States." https://elegantsolarinc.com/about/

47. Elegant Solar's website discusses on their website concerning whether solar panels are free in Illinois - https://elegantsolarinc.com/myth-busters-is-going-solar-really-free-in-illinois/ - demonstrating that Defendants market their services specifically to Illinois residents.

48. On April 12, 2023, Plaintiff requested Defendants provide him with a copy of their Do Not Call policy via e-mail to scheduling@elegantsolarinc.com, and nicole@elegantsolarinc.com.

49. On April 22, 2023, Plaintiff requested Defendants provide him a copy of their Do Not Call policy via e-mail to nicole@elegantsolarinc.com, scheduling@elegantsolarinc.com, and elliott@elegantsolarinc.com.

50. Plaintiff has not received any Do Not Call policies from Defendant as of this filing.

51. The e-mails which the Do Not Call policy requests were sent were appropriate. Plaintiff received e-mails from scheduling@elegantsolarinc.com prior to commencing this action. The e-mail of elliott@elegantsolarinc.com is also listed on Defendant's profile with the Arizona Secretary of State as to the corporate entity. The e-mail nicole@elegantsolarinc.com is listed on Defendant Elegant Solar's Facebook page. https://www.facebook.com/elegantsolarinc/.

52. The telephone calls made were made to Plaintiff concerning his residence in Illinois, specifically for a home located within this district.

53. Defendants worked in concert in their telemarketing scheme to send out a pre-recorded message to Plaintiff.

54. The conduct alleged in this action was made willful and knowingly.

55. Defendants' phone call utilized an Automatic Telephone Dialing System (ATDS) without obtaining Plaintiff's prior express written consent.

56. Defendants did not have any consent to call Plaintiff.

6

57. Defendants are not an organization exempt from the TCPA.
58. Upon information and belief, Plaintiff received additional calls from Defendants and their affiliates not included above.
59. The impersonal and generic nature of Defendants' call shows that Defendants utilized an Automatic Telephone Dialing System (ATDS) and/or a pre-recorded voice in making the call.
60. Plaintiff alleges the use of an ATDS due to the fact the calls were placed by "Scam Likely" number(s), and the presence of a beep, tone, and/or longer than natural pause. These characteristics are indicative of an ATDS, and a random and/or sequential number generator, because it would be illogical for Defendants to have manually dialed the telephone number of Plaintiff and to then play a beep, tone, or have a longer than natural pause prior to connecting him to an individual. Moreover, the calls were placed using a 424, Los Angeles based area code, to Plaintiff, by an Arizona company, soliciting the services of an Arizona company to perform solar panel installation work concerning Plaintiff's home in Illinois. The use of the 424-area code in this case is further indicative of the use of an ATDS and was likely done in order to induce Plaintiff to answer the telephone because of the neighbor spoofed area code.
61. In total, Defendants and/or their affiliates placed at least two (2) phone calls to Plaintiff.
62. As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation and a sense that his privacy has been invaded by Defendants.
63. Defendants have a pattern and/or practice of failing to comply with the TCPA.
64. The foregoing acts and omissions were in violation of the TCPA.
65. Other Defendants may be named in this case following discovery, including for example any other individuals or entities who directed the unlawful conduct to be made.
66. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the calling has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).
67. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

68. The acts and omissions of Defendants constitute knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.
69. Plaintiff seeks injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.
70. Plaintiff is also entitled to an award of costs.
71. Defendants' call was not made for "emergency purposes."
72. Defendants' call to Plaintiff were made without any prior express written consent.
73. Defendants contacted Plaintiff even though Plaintiff was on the Do Not Call Registry.
74. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.
75. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.
76. As a result of the above violations of the TCPA, Plaintiff has suffered losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.
77. Plaintiff, in discovery will identify additional telephone calls made by Defendants' and or their agents or affiliates, and requests leave to amend the complaint after identifying.
78. Defendants hired, permitted, and enjoyed the benefits of any lead generator and call centers mass robocalling.
79. For the counts identified below, Defendants are directly liable as the party that caused the unlawful calls to be placed.
80. Plaintiff requests a jury trial on all issues so triable.

## COUNT 1.

Violation of the TCPA's Automated Telemarketing Call Provisions, 47 U.S.C. § 227(b)(1)

81. Plaintiff incorporates the foregoing paragraphs as though they were set forth at length herein.
82. Defendants or one of their affiliates or vendors called Plaintiff's cellular telephone using an "automatic telephone dialing system" and/or a pre-recorded voice as defined by the TCPA on at least two (2) occasions in violation of 47 U.S.C. § 227(b)(1), without Plaintiff's prior express written consent.

83. Plaintiff was statutorily damaged at least two (2) occasions under 47 U.S.C. § 227(b)(3)(B) by the Defendants by the telephone calls described above, in the amount of $500.00 for each.

84. Plaintiff was further statutorily damaged because Defendants willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(b)(3)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and/or severally, in an amount of $3,000.00 plus costs and any other remedy deemed appropriate.

## COUNT 2.

Violations concerning TCPA implementing regulations, including Do Not Call Registry, 47 C.F.R. § 64.1200

85. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

86. By placing at least two telemarketing calls to the Plaintiff, whose number is on the Do-Not-Call registry, Defendants violated 47 U.S.C. § 227©(5) by violating the implementing regulations codified in 47 C.F.R. § 64.1200(c) and (d), and violated the provisions concerning providing a do not call policy upon request.

87. The TCPA's implementing regulations require that the entities making telephone calls maintain written policies, available upon demand, concerning their do-not-call policy. 47 C.F.R. § 64.1200(d)(1).

88. Defendants failed to provide Plaintiff with a copy of their do not call policy despite multiple written requests.

89. By placing the two telemarketing calls, and later failing to provide a Do Not Call policy upon request, Defendants have committed a total of four violations of the TCPA's implementing regulations, one violation per call for the failure to honor the Do Not Call Registry provisions, and one violation per call for the failure to provide the Do Not Call policy.

90. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on its behalf's violations of the TCPA, 47 U.S.C. § 227(c), Plaintiff is entitled to an

    award of $500 in damages for each and every call and violation made to his telephone number in violation of the TCPA's implementing regulations codified at 47 C.F.R. § 64.1200, pursuant to 47 U.S.C. § 227(c)(5)(B).

91. Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on its behalf from violating the TCPA, 47 U.S.C. § 227(c), by making calls in violation of any of the TCPA's implementing regulations in the future.

92. The Defendant's violations were knowing and/or willful. Accordingly, the Plaintiff seeks up to treble damages of the $500 per violation award, as provided in 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(c)(5).

93. Plaintiff's telephone number has been registered on the Federal Do Not Call Registry since at least 30 days prior to the calls described above.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and/or severally, in an amount of $6,000.00 plus costs and any other remedy deemed appropriate.

## COUNT 3.

<u>Violations of the Illinois Automatic Telephone Dialers Act ("ATDA"), 815 ILCS 305/1</u>

94. Plaintiff incorporates the foregoing paragraphs as though they were set forth at length herein.

95. The ATDA prohibits "play[ing] a prerecorded message placed by an autodialer without the consent of the called party." 815 ILCS 305/30(b).

96. Defendants did not have the consent to play a prerecorded message placed by an autodialer.

97. Nonetheless, Defendants or one of their affiliates or vendors impeded the function of caller ID and played a pre-recorded message.

98. The ATDA allows for the recovery of statutory damages of $500 per violation.

99. Defendants violated the ATDA's pre-recorded message provisions when it called Plaintiff in at least one telephone call.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and/or severally, in an amount of $500.00 plus costs and any other remedy deemed appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of him and against Defendants, jointly and or severally, in an amount to be more fully determined at trial, but at least $9,500.00 as permitted by statute, as follows:

A. All actual damages Plaintiff suffered;
B. Statutory damages of $500.00 per call for each and every violation of 47 U.S.C. § 227(b);
C. Statutory damages of $500.00 per call for each and every violation of 47 U.S.C. § 227(c);
D. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(b)(3)(C);
E. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(c)(5)(B);
F. Statutory damages under the Illinois Automatic Telephone Dialers Act ("ATDA"), 815 ILCS 305/1;
G. All reasonable attorneys' fees, witness fees, court costs, pre- and post-judgment interest, and other litigation costs incurred by Plaintiff;
H. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;
I. Leave to amend this Complaint to conform to the evidence presented at trial; and
J. Any other relief this Court deems proper.

Respectfully submitted,

Dated: April 22, 2023     /s/ Jorge Alejandro Rojas
JORGE ALEJANDRO ROJAS
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
(424) 219-1582

**CERTIFICATE OF SERVICE**

A copy of this filing is being sent to Defendants via mail on the same day as the filing of this document, to their last known address, and registered agent.

Dated: April 22, 2023 /s/ Jorge Alejandro Rojas
JORGE ALEJANDRO ROJAS
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
(424) 219-1582